UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHAD KREISER, *et al.*, | Case No. 2:16-cv-01361-MMD-CWH |
| Plaintiffs, | |
| v. | ORDER |
| VS2R ENGINEERING, INC., *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiff Chad Kreiser was injured on the job when a ladder he was climbing down to inspect a water pipeline broke away from the wall. Before the Court is Defendant Kiewit Infrastructure West Company's ("Kiewit") motion to dismiss Plaintiffs'[1] claims against it arising from Mr. Kreiser's injuries (the "Motion"), arguing his claims are barred by the applicable statute of limitations and statutes of repose.[2] (ECF No. 46.) As explained below, the Court will deny Kiewit's Motion. Regarding Kiewit's statute of limitations argument, Plaintiffs were sufficiently diligent in discovering Kiewit's identity and amending their Complaint to add Kiewit as a defendant such that their amended Complaint relates back and is not time-barred. Regarding Kiewit's statutes of repose argument, the Court cannot and will not take judicial notice of the applicable project's substantial completion date, and

---

[1]Mr. Kreiser's wife, Christina Lou Kreiser, is also a named plaintiff in this case—on a loss of consortium theory. (ECF No. 41 at 8-9.)

[2]The Court also reviewed Plaintiffs' response (ECF No. 59), and Kiewit's reply (ECF No. 62), along with Kiewit's supplemental memorandum in support of its Motion (ECF No. 56).

will not convert Kiewit's Motion into one for summary judgment, in part because Kiewit has thus far proffered insufficient evidence of the project's substantial completion date.

**II.    BACKGROUND**

The following facts are taken from the First Amended Complaint ("FAC"). (ECF No. 41.) Mr. Kreiser was employed by the Las Vegas Valley Water District to perform maintenance on an underground water pipeline. (*Id.* at 3.) To access the pipeline, he would have to climb down ladders, under manhole covers, into vaults. On December 31, 2013, he was climbing down a ladder to inspect a component of the pipeline when the ladder suddenly pulled away from the wall—causing him to swing to the left, striking his head, neck, and back. (*Id.*) Mr. Kreiser was injured. (*Id.* at 4.) As relevant to the Motion, Kiewit allegedly "engineered, designed, and constructed the subject vault and fixed, repaired, maintained, modified and/or serviced the subject ladder." (*Id.* at 4.)

Plaintiffs originally filed suit in state court on December 15, 2015. (ECF No. 1 at 6.) That original Complaint did not name Kiewit as a defendant. (*Id.* at 6-14.) However, it named as defendants Roe Business Entities who "installed, fixed, repaired, maintained and/or serviced the subject ladder," or who were responsible for the "design, manufacture, construction, installation, inspection, distribution, management, ownership, inspect[ion], repair, service and/or maintenance of the subject ladder in question," or who "designed, manufactured, constructed, distributed, sold, assembled, installed, owned, inspected, repaired, serviced, and/or maintained the subject la[dd]er for use in the subject vault[.]" (*Id.* at 9-12.) Plaintiffs stated in that original Complaint they were naming Roe Business Entities as defendants because they did not know the true names of the people or entities who were "responsible for the design, manufacture, construction, installation, inspection, distribution, management, ownership and/or maintenance of the premises in question, [and] the subject ladder in question . . ." (*Id.* at 7-8.) Plaintiffs stated they would amend their Complaint with the true names and capacities of these defendants once they learned their identities. (*Id.*)

On June 16, 2016, a defendant who is no longer a party to this case removed it to this Court. (ECF No. 1.) After learning that defendant was not involved in the relevant events, Plaintiffs stipulated to dismiss it in October 2016. (ECF No. 19; *see also* ECF No. 20 (dismissing that defendant).) From then until September 2017, Plaintiffs sought to learn Kiewit's identity through discovery mechanisms including depositions, subpoenas, and inspection of the ladder that allegedly caused Plaintiff's injury. (ECF No. 59 at 4-5.) On October 20, 2017, Plaintiffs received over 15,000 documents from Lake Mead Constructors in response to a subpoena regarding its potential role in the project that included the ladder. (*Id.* at 5.) That batch of documents "revealed Kiewit d/b/a Lake Mead Constructors was the party responsible for the construction of the subject vault and the modifications to the subject ladder." (*Id.*)

On April 13, 2018, the parties to this case at that time stipulated to add Kiewit as a named defendant—in place of a Roe Business Entity. (ECF No. 39.) Magistrate Judge Hoffman granted that stipulation on April 19, 2018 (ECF No. 40), and Plaintiffs filed their FAC naming Kiewit as a party that same day (ECF No. 41). Kiewit moved to dismiss the claims Plaintiffs asserted against it about a month later. (ECF No. 46.)

**III.     LEGAL STANDARD**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

## IV. DISCUSSION

Kiewit makes two main arguments in its Motion. As explained below, the Court is not persuaded by either one. Thus, the Court will deny the Motion.

### A. Statute of Limitations

Kiewit argues that the applicable statute of limitations bars Plaintiffs' claims. (ECF No. 46 at 13-15.) Plaintiffs insist that their claims against Kiewit in the FAC relate back to the original Complaint and are thus not time barred. (ECF No. 59 at 7.) The Court finds that Plaintiffs' claims relate back to the original Complaint.

#### 1. Governing Law

The parties agree that the key question before the Court is whether Plaintiffs' claims asserted against Kiewit in the FAC relate back to the date Plaintiffs filed their original Complaint in state court. (ECF Nos. 59 at 7, 62 at 2.) They further agree this question is governed by Nevada law. (*Id.*) However, they disagree as to whether Nevada Rule of Civil

Procedure ("NRCP") 10(a) or 15(c) should govern the inquiry. (ECF Nos. 59 at 8, 62 at 2-5.) Plaintiffs argue that NRCP 10(a) applies here (ECF No. 59 at 8), while Kiewit counters that NRCP 15(c) applies (ECF No. 62 at 2-5). The Court agrees with Plaintiffs.

Federal Rule of Civil Procedure 15(c)(1) "incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1200 (9th Cir. 2014). "As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules." *Id.* As noted, the parties agree that Nevada law supplies the applicable statute of limitations, and therefore Nevada law governs the relation back question. (ECF Nos. 59 at 7, 62 at 2.)

Unlike the Federal Rules of Civil Procedure, the NRCP explicitly permits plaintiffs to name fictitious entities when they do not know who those entities are, and later amend their complaint to name the entities when the plaintiff learns their identity. *See* NRCP 10(a). Whether the amended pleading relates back to the time the original pleading was filed depends on whether the plaintiff can satisfy the three-part *Nurenberger* test:

> [T]he effective utilization of Rule 10(a) requires: (1) pleading fictitious or doe defendants in the caption of the complaint; (2) pleading the basis for naming defendants by other than their true identity, and clearly specifying the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercising reasonable diligence in ascertaining the true identity of the intended defendants and promptly moving to amend the complaint in order to substitute the actual for the fictional. Satisfaction of all three of the aforementioned elements is necessary to the granting of an amendment that relates back to the date of the filing of the original complaint.

*Nurenberger Hercules-Werke GMBH v. Virostek*, 822 P.2d 1100, 1106 (Nev. 1991), *abrogated on other grounds by Costello v. Casler*, 254 P.3d 631 (Nev. 2011). The Court is further guided by the general proposition that "[m]odern rules of procedure are intended

5

to allow the court to reach the merits, as opposed to disposition on technical niceties." *Costello*, 254 P.3d 631 at 635.

Kiewit argues the *Nurenberger* test under NRCP 10(a) should not apply here because *Nurenberger* was abrogated by a subsequent decision of the Nevada Supreme Court—*Costello*. (ECF No. 62 at 2-4.) Kiewit reads *Costello* too broadly. *Costello* only abrogated the portion of *Nurenberger* stating that NRCP 15(c) did not apply to the addition or substitution of parties. *See Costello*, 254 P.3d at 634 n.4. *Costello* did not abrogate *Nurenberger*'s three-part test for determining when amended pleadings naming parties previously named as doe or roe defendants relate back to the original pleading. *See City of Reno v. Collup*, 373 P.3d 904 (Table), 2011 WL 6916458, at *2 (Nev. 2011) (applying three-part *Nurenberger* test to determine whether amended pleading related back to original pleading naming doe entity in an opinion issued after *Costello*); *Cruz v. Durbin*, Case No. 2:11-cv-342-LDG-VCF, 2014 WL 5449710, at *3 (D. Nev. Oct. 17, 2014), *report and recommendation adopted*, Case No. 2:11-cv-0342-LDG-VCF, 2014 WL 12784471 (D. Nev. Oct. 24, 2014) (same); *see also Chase v. Atlas Copco Craelius AB*, Case No. 2:10-cv-02249-PMP, 2012 WL 1068085, at *2 (D. Nev. Mar. 28, 2012) ("*Costello* did not overrule *Nurenberger's* main holding that a plaintiff may utilize doe pleading under Rule 10(a) and the substitution of a named party for the doe defendant will relate back if the plaintiff meets the three part test in *Nurenberger*.").[3]

In sum, the Court finds that the three-part *Nurenberger* test applies to determine whether Plaintiffs' FAC relates back to Plaintiffs' original Complaint.

///

///

---

[3]The Court notes that *Costello* is also distinguishable because it did not address relation back in the context of a doe or roe defendant, as is the case here. *See generally Costello*, 254 P.3d at 631-36. It involved a named defendant who turned out to have died. *See id.* at 635. Plaintiff then amended his complaint to sue defendant's estate, and one of the questions before the court was whether the proposed amended complaint naming the estate should relate back to the original complaint naming the dead defendant. *See, e.g., id.* at 636. Thus, *Nurenberger* is more factually analogous here.

### 2. *Nurenberger* Test

While it is a close call with respect to the diligence prong, the Court finds that Plaintiffs' FAC relates back to their original state court Complaint because Plaintiffs have satisfied the *Nurenberger* test. *See Nurenberger*, 822 P.2d at 1106 (stating the test).

First, the Court finds that Plaintiffs easily satisfy most prongs of the *Nurenberger* test. Their original Complaint named Roe Business Entities as defendants in the caption. (ECF No. 1 at 6.) The original Complaint explained why it was naming Roe Business Entities, and stated Plaintiffs would amend their Complaint with those entities' real names once they learned them. (*Id.* at 7-8.) The original Complaint also explained who the Roe Business entities were in sufficient detail. (*Id.* at 6-14.) *See also Chase*, 2012 WL 1068085, at *2 (finding Plaintiff satisfied *Nurenberger* test where he "identified the doe defendants as 'designers, manufacturers, installers, maintainers, repairers and distributors of the subject Coring Rig, or its component parts' who were unknown at the time."). In addition, Plaintiffs moved to amend their Complaint to substitute Kiewit in as a defendant in the place of a Roe Business Entity the same day their stipulation to add Kiewit as a party was granted. (ECF Nos. 40, 41.)

Second, while it is a closer call, the Court finds that Plaintiffs were sufficiently diligent in discovering Kiewit's identity such that Plaintiffs' FAC should relate back under *Nurenberger*. The Court's finding is informed by the Nevada Supreme Court's instruction that "[m]odern rules of procedure are intended to allow the court to reach the merits, as opposed to disposition on technical niceties." *Costello*, 254 P.3d 631 at 635.

Weighing against the Court's finding that Plaintiffs exhibited diligence is the length of time it took Plaintiffs to file their FAC naming Kiewit once they began trying to determine Kiewit's identity—according to Plaintiffs, from August 2016 through April 2018—approximately a year and seven months. (ECF No. 59 at 4-5.) That is significantly longer than the elapsed time in cases where other courts have found the plaintiff sufficiently diligent under *Nurenberger*. *See, e.g., Chase*, 2012 WL 1068085, at *2 (four months).

However, the length of time is not determinative in and of itself—and the Court finds that other factors weigh in favor of finding Plaintiffs demonstrated sufficient diligence. Plaintiffs faced the relatively complex task of determining who was responsible for what in a large municipal project that had concluded fifteen or more years prior. Plaintiffs had to sift through 15,000 documents in response to their subpoena to Lake Mead Constructors alone, which could take substantial time depending on the resources Plaintiffs' counsel were able to devote to this document review. (ECF No. 59 at 5.) Most importantly, neither party has presented any argument or evidence to the Court suggesting that Plaintiffs were intentionally delaying adding Kiewit as a party. Similarly, the argument and evidence presented to the Court thus far does not indicate long periods of time where Plaintiffs were inexplicably doing nothing. While Plaintiffs may have been moving slowly, it appears to the Court that they were plodding along through discovery. The Court therefore finds that Plaintiffs exercised reasonable diligence in ascertaining Kiewit's true identity, sufficient to satisfy the *Nurenberger* test.

In sum, the Court finds that Plaintiffs have satisfied the three-part *Nurenberger* test. Accordingly, Plaintiffs' FAC relates back to the date of their original Complaint—December 15, 2015—and thus denies Kiewit's Motion to the extent it is premised on the applicable two-year statute of limitations.

### B. Statutes of Repose

Kiewit also argues that applicable statutes of repose bar Plaintiffs' claims. (ECF No. 46 at 11-13.) The parties agree the success of Kiewit's Motion based on this statute of repose argument depends on Kiewit establishing the date of substantial completion of the project ("Project") in which Kiewit built the water pipeline that included the ladder that broke and allegedly injured Mr. Kreiser. (ECF Nos. 46 at 11, 59 at 2.) However, to entertain the merits of this argument, the Court would have to either grant Kiewit's request for judicial notice, or convert Kiewit's Motion into a motion for summary judgment. Because it would be improper for the Court to either grant Kiewit's request for judicial notice or convert

Kiewit's Motion into one for summary judgment, the Court also denies Kiewit's motion to the extent it is premised on any applicable statutes of repose.

### 1. Request for Judicial Notice

In its Motion, Kiewit asked the Court to take judicial notice of the date of the Project's substantial completion, a necessary component of Kiewit's argument that Plaintiffs' claims are barred by applicable statutes of repose. (ECF No. 46 at 5 n.1.) Kiewit appears to have abandoned this request, because Kiewit did not reiterate or even mention it in its reply brief in support of its Motion. (ECF No. 62.) However, to the extent Kiewit maintains its request for judicial notice, that request is denied. The date that Kiewit's joint venture Lake Mead Constructors substantially completed the Project is neither generally known within this Court's territorial jurisdiction, nor can it be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned[.]" *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (expressing concern about the overuse of judicial notice in securities cases "to defeat what would otherwise constitute adequately stated claims at the pleading stage."). Kiewit itself has thus far presented the Court with three potential dates of the Project's substantial completion supported by conflicting affidavits from its Assistant General Counsel, which undermines Kiewit's statement necessary to its request for judicial notice that the Project's substantial completion date is generally known to people who do not work for Kiewit. (ECF Nos. 46-1, 56-1 (providing substantial completion dates of 1998, 1999, and 2002).) The Court declines to take judicial notice of the Project's substantial completion date.

### 2. Converting Kiewit's Motion Into a Motion for Summary Judgment

In the alternative, Kiewit asked the Court to convert its Motion into one for summary judgment and grant summary judgment to Kiewit because Plaintiffs' claims are barred by the applicable statutes of repose—as established by the Project's substantial completion

date. (ECF No. 46 at 10-11.) However, Kiewit has not satisfied its burden of showing that there are no genuine issues of material fact with respect to its statutes of repose argument. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Thus, there is no substantive reason to convert Kiewit's Motion at this time. As mentioned, Kiewit has thus far presented three possible years in which the Project was substantially completed. (ECF Nos. 46-1, 56-1.) Therefore, logically, genuine issues of material fact regarding this issue remain at this stage. Further, the Court agrees with Plaintiffs that the article from its internal magazine Kiewit submitted does not establish that the Project was substantially completed on any date. (ECF No. 59 at 14-15 (making that argument); *see also* ECF No. 56-2 (lacking any definitive statements that any projects were completed, much less a project that definitively included the ladder that allegedly injured Mr. Kreiser).)

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Kewit's Motion.

It is therefore ordered that Kiewit's motion to dismiss (ECF No. 46) is denied.

DATED THIS 20th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE