UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHAD KREISER, *et al.*, | Case No. 2:16-cv-01361-MMD-CWH |
| Plaintiffs, | |
| v. | ORDER |
| K&B STEEL, A DIVISION OF WABB INDUSTRIES, INC., ON BEHALF OF WABB INDUSTRIES, INC, *et al.*, | |
| Defendants. | |

## I. SUMMARY

Plaintiff Chad Kreiser was injured on the job when a ladder he was climbing down to inspect a water pipeline broke away from the wall. Before the Court is Defendant Kiewit Infrastructure West Company's ("Kiewit") motion for summary judgment on Plaintiffs'[1] claims against it arising from Mr. Kreiser's injuries (the "Motion"). (ECF No. 89.) Despite being granted two extensions of time (ECF Nos. 97, 105), Plaintiffs never responded to the Motion.[2] As explained below, the Court will grant Kiewit's Motion. More specifically, the Court will grant Kiewit's motion on the alternative bases that Plaintiffs' claims against Kiewit fall outside the limitations period created by the applicable Nevada statute of repose, and because Plaintiffs did not file the affidavit required by NRS § 11.258 concurrently with their Complaint. The Court will then direct Plaintiffs and K&B to submit their joint pretrial order so this case may proceed to trial.

---

[1]Mr. Kreiser's wife, Christina Lou Kreiser, is also a named plaintiff in this case—on a loss of consortium theory. (ECF No. 41 at 8-9.)

[2]Neither did the other Defendant in the case, K&B Steel. a Division of Wabb Industries, Inc., on behalf of Wabb Industries, Inc. ("K&B").

## II. BACKGROUND

The facts recited in this paragraph are mostly taken from the First Amended Complaint ("FAC"), and are undisputed, unless otherwise noted. (ECF No. 41.) Mr. Kreiser was employed by the Las Vegas Valley Water District to perform maintenance on an underground water pipeline. (*Id.* at 3.) To access the pipeline, he would have to climb down ladders, under manhole covers, into vaults. On December 31, 2013, he was climbing down a ladder to inspect a component of the pipeline when the ladder suddenly pulled away from the wall—causing him to swing to the left, striking his head, neck, and back (the "Accident"). (*Id.*) Mr. Kreiser was injured. (*Id.* at 6.)

As relevant to the Motion, Kiewit allegedly "engineered, designed, and constructed the subject vault and fixed, repaired, maintained, modified and/or serviced the subject ladder." (*Id.* at 4.) Said otherwise, Plaintiffs' case involves nonresidential construction, and Plaintiffs' claims against Kiewit implicate Kiewit's professional engineering. (*Id.* at 2-4; *see also* ECF No. 89 at 46-51 (Kiewit's Nevada engineering licenses).) Plaintiffs filed their original state-court complaint in this case on December 15, 2015. (ECF No. 89 at 33-44.) No expert reports or affidavits were filed with Plaintiffs' original complaint. (*Id.*) Similarly, no expert reports or affidavits were filed with Plaintiffs' operative FAC. (ECF No. 41.)

Kiewit completed the project that included the vault where Mr. Kreiser was injured on October 14, 1998. (ECF No. 89 at 4, 17, 19.) Kiewit has since not been involved with the project, including the vault where Mr. Kreiser was injured. (*Id.* at 5, 19.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is

a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV. DISCUSSION**

Kiewit makes several arguments in its Motion, but the Court will only address the first two because the Court finds Kiewit is entitled to summary judgment based on either

1  argument. The Court first addresses Kiewit's Motion, below, and then discusses the next
2  steps in this case for Plaintiffs and K&B.

### A. Kiewit's Motion

Kiewit first argues that applicable statute of repose bars Plaintiffs' claims. (ECF No. 89 at 8-9.) The Court agrees.[3] The applicable statute of repose in effect at the time of the Accident provided that claims could be brought no later than 12 years from substantial completion of a project, subject to some exceptions that do not apply here. *See* NRS § 11.203(2), repealed by laws 2015, c. 2, § 22, eff. Feb. 24, 2015. Kiewit completed the project that included the vault where Mr. Kreiser was injured on October 14, 1998. (ECF No. 89 at 4, 17, 19.) Kiewit has since not been involved with the project, including the vault where Mr. Kreiser was injured. (*Id.* at 5, 19.) Plaintiffs filed their original state-court complaint in this case on December 15, 2015. (*Id.* at 33-44.) Thus, more than 17 years elapsed between the time Kiewit completed the project and Plaintiffs filed suit. Plaintiffs' claims against Kiewit are therefore barred by the applicable statute of repose, NRS § 11.203(2), repealed by laws 2015, c. 2, § 22, eff. Feb. 24, 2015.

Kiewit next argues Plaintiffs' claims against it are barred because Plaintiffs did not attach the affidavit required by NRS § 11.258(1) to their original complaint or FAC. (ECF No. 89 at 9-12.) The Court again agrees with Kiewit. Plaintiffs' case involves nonresidential construction, and Plaintiffs' claims against Kiewit implicate Kiewit's professional engineering. (ECF No. 41 at 2-4; *see also* ECF No. 89 at 46-51 (Kiewit's Nevada engineering licenses).) Plaintiffs were thus required to submit an affidavit reflecting that their attorney had solicited the opinion of an engineering expert. *See* NRS § 11.258(1). No expert reports or affidavits were filed with Plaintiffs' original complaint. (ECF No. 89 at 33-44.) Similarly, no expert reports or affidavits were filed with Plaintiffs' operative FAC.

---

[3]The Court notes, as Kiewit does in its Motion (ECF No. 89 at 8), that the Court rejected Kiewit's statute of repose argument in an order on an earlier motion to dismiss (ECF No. 66 at 8-10). However, as explained *infra*, the Court finds Kiewit has now supported this argument with sufficient evidence, and the Court can consider this evidence at this stage, while it was reluctant to do so at the motion to dismiss stage. (*Id.* at 9-10.)

4

(ECF No. 41.) For this additional, alternative reason, Plaintiffs' claims against Kiewit are barred. *See* NRS § 11.259(1)(a) (providing that the "court shall dismiss an action" under these circumstances when the party fails to attach the required affidavit to their complaint); *see also In re CityCenter Constr. & Lien Master Litig.*, 310 P.3d 574, 581 (Nev. 2013) ("the district court must dismiss [parties'] amended pleadings that pertain to [another party] because their initial pleadings against [that party] were void ab initio and of no legal effect for the lack of the attorney affidavit and expert report required by NRS 11.258.").

In sum, the Court finds Kiewit is entitled to summary judgment on all of Plaintiffs' claims against it.

### B. Next Steps

Because the Court will grant Kiewit's Motion, Kiewit is no longer a party to this case. That leaves only Plaintiffs and K&B. (ECF No. 41 (naming K&B as a Defendant).) The parties were supposed to file their joint pretrial order by tomorrow, April 8, 2020. (ECF No. 95.) However, Plaintiffs and K&B do not appear to have taken any action in this case since December 2019. (ECF No. 105.) Moreover, the Court's grant of summary judgment to Kiewit may change the content of the joint pretrial order. The Court will therefore give Plaintiffs and K&B until April 30, 2020 to file their joint pretrial order.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Kewit's Motion.

It is therefore ordered that Kiewit's motion for summary judgement (ECF No. 89) is granted. Kiewit is entitled to summary judgment on all of Plaintiffs' claims against it.

///

///

///

///

5

It is further ordered that Plaintiffs and K&B must submit their joint pretrial order by April 30, 2020.

DATED THIS 7th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE